(No. 83-CC-2770—■

LUTHERAN GENERAL & DEACONESS HOSPITALS SCHOOL OF NURSING, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed November 9, 1983.*

LUTHERAN GENERAL & DEACONESS HOSPITALS SCHOOL OF NURSING, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This matter coming to be heard on the motion of the Respondent to dismiss the claim herein, due notice having been given and the Court being fully advised;

Claimant is seeking tuition reimbursement from the Illinois State Scholarship Commission for Donna Ferrari for the summer term(s) during the 1980-81 school year. The Respondent's motion is based upon a departmental report from the Illinois State Scholarship Commission. The report is *prima facie* evidence of the facts contained therein. However, the facts are not entirely clear to us.

It appears from the departmental report that the Respondent refused to make payment to the Claimant because according to Respondent's records the student, Ms. Ferrari, was enrolled full-time during the fall term at a different school, Concordia College. The report states that Concordia College is the appropriate entity to bring this claim and not the Claimant herein. Apparently someone was supposed to have submitted a transfer from Concordia College to the Claimant but that did not occur.

This version is somewhat corroborated by the letter from the Claimant's financial aid coordinator to the Respondent commission. The letter, dated October 4, 1980 (*i.e.* during the fall term), stated that the student was then enrolled full-time at Concordia College but as "a nursing student under the auspices of . . . (the Claimant)". We are unsure of what that means. The letter does note however that the student was instructed to transfer her award to the Claimant but that the transfer apparently did not occur. The letter goes on to state that the

director of financial aid at Concordia College had agreed to make the request for the fall term payment on behalf of the student.

Thus, it seems clear to us that both parties are in agreement that Concordia College would be the appropriate party to seek payment on behalf of the student for the fall term of the 1980-81 school year. This raises the question of why was this claim filed by this Claimant in the first place. The letter referred to above appears to have been written for the purpose of effecting a transfer of the student's tuition payments to the Claimant for the winter and spring terms of the school year. Are those the terms for which the claim was made? The complaint provides no indication. In addition to the letter referred to above, a "Notification of Status" form was attached to the complaint which further confuses the sitution. It relates to the fall term.

Claimant has not responded to the motion to dismiss or sought leave to file an amended complaint or otherwise attempted to prosecute this claim. Therefore, we are of the opinion that the Respondent's position is correct and we will grant the motion at bar. However, we will allow the Claimant an opportunity to file an amended complaint.

Accordingly, it is hereby ordered:

1. That Respondent's motion be, and hereby is, granted;

2. That Claimant is granted 21 days from the date of this order within which to file an amended complaint;

3. That by this order, Claimant's complaint is hereby dismissed with prejudice if Claimant does not so file within the time set forth above.